```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
KEITH WHITTAKER,

                          Petitioner,

              -against-

MHR FUND MANAGEMENT LLC, MHR
INSTITUTIONAL ADVISORS II LLC, AND MHR
INSTITUTIONAL ADVISORS III LLC,

                          Respondents.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2020  __
```

20 Civ. 7599 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On September 15, 2020, Petitioner filed a petition to vacate or modify an arbitration award (the "Petition"). Petitioner also filed a memorandum of law in support of his application, along with a declaration, and exhibits. On September 16, 2020, Petitioner moved to commence this action under seal. The Honorable Jed S. Rakoff granted Petitioner's motion to commence an action under seal, and ordered that Petitioner's filings would remain under seal until September 23, 2020. Thereafter, unless a party applied to keep the seal in place, the documents would be automatically unsealed. On September 23, 2020, the parties separately filed orders to continue the sealing of this proceeding. Respondents requested an order from the Court provisionally sealing the proceeding *in toto*. Resp. Mem. at 1. In the alternative, Respondents requested that the Court provisionally seal certain exhibits attached to the Petition, on the basis that they purportedly contain highly sensitive and confidential information. *Id.* Petitioner requested that the Court seal the proceedings to comply with his employment contract. Pet Ltr. at 1–2.

      Having reviewed the parties' submissions, Respondents' request to provisionally seal the proceedings *in toto* is DENIED. Petitioner's request to seal the proceedings is DENIED. "A complaint and its exhibits are judicial documents subject to the presumptive right of access under both the common law and the First Amendment because access to the complaint is almost always necessary if the public is to understand a court's decision." *Coventry Capital US LLC v. EEA Life Settlements, Inc.*, No. 17 Civ. 7417, 2017 WL 5125544, at *2 (S.D.N.Y. Nov. 2, 2017) (internal quotation marks and citations omitted). Thus, "continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (internal quotation marks and citations omitted).

      Most of the documents the parties seek to maintain under seal do not meet that standard. However, it is possible that sealing could be justified for the exhibits to the Petition, except for exhibits 1 and 51. Those exhibits shall remain under seal until **October 7, 2020**. Pursuant to the Court's individual rules, *see* Individual Practices in Civil Cases Rule IV(A), the parties are ORDERED to meet and confer to narrow the scope of the request and provide specific requests for sealing or redaction. By **October 1, 2020**, Respondents shall renew their request.

Accordingly, the Clerk of the Court is directed to unseal all documents relating to this action, with the exception of the Petition's exhibits 2–50 and 52–67.

SO ORDERED.

Dated: September 24, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge