UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH WHITTAKER,

                              Petitioner,

-against-

MHR FUND MANAGEMENT LLC, MHR
INSTITUTIONAL ADVISORS II LLC, AND
MHR INSTITUTIONAL ADVISORS III LLC,

                              Respondents.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/30/2021
```

20 Civ. 7599 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Keith Whittaker, brings this proceeding under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10–11, to vacate or modify a May 1, 2020 arbitration award, as modified on June 19, 2020 (the "PFA"), and a June 21, 2020 supplemental award addressing both parties' motions for sanctions (the "Sanctions Award"), issued in an arbitration with Respondents MHR Fund Management LLC, MHR Institutional Advisors II LLC, and MHR Institutional Advisors III LLC, (collectively "MHR"). Pet., ECF No. 14. MHR brought two motions: (1) to confirm the PFA and the Sanctions Award, ECF No. 38; and (2) to confirm the final award issued on November 3, 2020 (the "Final Award" and collectively with the PFA and the Sanctions Award, the "Awards"), ECF No. 44.

    The parties have since filed five motions seeking leave to redact or seal in full documents submitted in connection with their briefing in this case. ECF Nos. 35, 41, 47, 54, 60.

**BACKGROUND**[1]

    Petitioner commenced this proceeding on September 16, 2020, seeking to vacate or modify the PFA and Sanctions Awards pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 10–

---

[1] The Court assumes familiarity with the factual and procedural background of this action, as set forth in its order on the motions at issue, ECF No. 62.

11. Pet. at 1, 11.  The same day, the Honorable Jed S. Rakoff granted Petitioner's motion to file the petition under seal, but ordered that Petitioner's filings remain under seal only until September 23, 2020.  ECF No. 12.  On September 24, 2020, this Court denied the parties' separate requests to seal the entire proceeding, but found that sealing might be justified for certain exhibits to the petition.  ECF No. 5.  The Court, therefore, directed the parties to confer and narrow their requests for sealing.  *Id.*

On October 1, 2020, MHR filed a letter motion seeking redactions to nineteen exhibits attached to Petitioner's memorandum of law in support of his petition (the "October 1 Request"). ECF No. 36 at 1–2.  MHR further requested that eight other exhibits to the petition remain sealed in their entirety.  *Id.*  On October 6, 2020, Petitioner filed a response agreeing to redactions to only two documents that contained personal and financial information of non-parties but otherwise arguing that the other documents MHR sought to seal "do not meet the Court's criteria for sealing."  ECF No. 37 at 1 n.1.

On October 30, 2020, MHR moved to confirm the PFA and Sanctions Award.  ECF No. 38.  MHR also requested leave to seal six exhibits appended to its memorandum of law (the "October 30 Request").  ECF No. 41.  MHR further sought to redact portions of the memorandum which cited these exhibits.  *Id.*  On November 13, 2020, MHR filed a supplemental motion to confirm the Final Award.  ECF No. 44.

On November 20, 2020, Petitioner requested leave to seal nine exhibits attached to papers submitted in further support of the petition and in opposition to MHR's motion (the "November 20 Request").  ECF No. 47.

On December 11, 2020, MHR sought leave to partially seal the reply memorandum submitted on that date (the "December 11 Request").  ECF No. 54.

The parties filed their respective Rule 56.1 statements and counter-statements on December 22, 2020. ECF Nos. 56–59, 61. MHR simultaneously requested redaction of portions of its counter-statement to Petitioner's Rule 56.1 statement (the "December 22 Request"). ECF No. 60.

The Court addresses each request in turn.

## DISCUSSION

I.    <u>Legal Standard</u>

There is a presumptive right of access to judicial documents rooted in both common law and the First Amendment. *United States v. Erie Cnty.*, 763 F.3d 235, 238–39 (2d Cir. 2014).

Under the First Amendment, the Second Circuit has clarified that "documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citation, alterations, and quotation marks omitted). However, "[b]road and general findings by the trial court . . . are not sufficient to justify closure." *Id.* (citation omitted).

Under the common law, courts in this Circuit follow a three-step process for determining whether documents should be sealed or redacted. First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document"—*i.e.*, an "item . . . relevant to the performance of the judicial function and useful in the judicial process[.]" *Id*. at 119 (citation omitted).

Second, a court must determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power, and the resultant value of such information to those

monitoring the federal courts." *Id.* (alteration in original) (citation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (citation omitted). Petitions to confirm, vacate, or modify arbitration awards, their memoranda of law, and supporting documents, including exhibits in support—such as those at issue here—are "judicial documents that directly affect[] the Court's adjudication" of the petition. *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *2 (S.D.N.Y. Nov. 30, 2011) (alteration in original) (citation omitted). They are, therefore, subject to a "strong presumption of public access." *Susquehanna Int'l Grp. Ltd. v. Hibernia Exp. (Ireland) Ltd.*, No. 21 Civ. 207, 2021 WL 3540221 at *3 (S.D.N.Y. Aug. 11, 2021).

Finally, a court must "balance competing considerations against" the weight of the presumption. *Lugosch*, 435 F.3d at 120 (citation omitted). Such competing considerations can include, for instance, third-parties' privacy interests against disclosure, or the protection of sensitive, competitive or proprietary business information. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995). Accordingly, courts have allowed redactions of third-party employees' compensation information, *Valassis Commc'ns Inc. v. News Corp.*, No. 17 Civ. 7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020), investor identities, particularly where "there is no evidence that the identities of investors directly affect the adjudication," *Caxton Int'l Ltd. v. Rsrv. Int'l Liquidity Fund, Ltd.*, No. 09 Civ. 782, 2009 WL 2365246, at *7 (S.D.N.Y. Jul. 30, 2009) (citation and quotation marks omitted), and information going to a company's "internal analyses [and] business strategies," *SEC v. Telegram Grp. Inc.*, No. 19 Civ. 9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).

To rebut the presumption of public access, merely "conclusory statements that documents contain confidential business information" are insufficient to justify sealing. *United States v. Wells Fargo Bank*, No. 12 Civ. 7527, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015). Rather, the moving party must make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." *Id.* (citation omitted); *New York v. Actavis, PLC*, No. 14 Civ. 7473, 2014 WL 5353774, at *4 (S.D.N.Y. Oct. 21, 2014) ("[T]he party seeking the sealing has the burden of establishing the competitive disadvantage" that would result from disclosure.). Moreover, courts will not permit sealing merely because documents portray a company in an unflattering light. *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16 Civ. 1267, 2018 WL 3407709, at *6 n.3 (S.D.N.Y. Jan. 12, 2018) ("Simply because [business] information is unflattering does not mean it would harm a litigant's competitive standing." (citation and quotation marks omitted)); *King Pharms., Inc. v. Eon Labs, Inc.* No. 04 Civ. 5540, 2010 WL 3924689 (E.D.N.Y. Sept. 28, 2010) ("If litigation documents are sealable simply because they can be used to portray a company in an unflattering way, the public would have access to precious few." (citation omitted)).

II. <u>The October 1 Request</u>

MHR filed the October 1 Request, seeking to partially seal nineteen exhibits and fully seal eight exhibits to the petition. ECF Nos. 36-1–36-27. MHR argues that sealing is necessary to protect its "proprietary business information," including the identities of investors and investors' representatives, employee compensation and employment terms, and sensitive internal strategic matters. October 1 Request at 3. MHR further contends sealing is warranted to protect the privacy interests of third-parties, including "to preserve the confidentiality of a separate arbitration involving another former MHR employee." *Id.*

5

As exhibits appended to the petition, the Court finds that all of these documents are judicial documents that "directly affect[] the court's adjudication" of the petition, and they are, therefore, entitled to a strong presumption of public access. *Alexandria Real Estate Equities*, 2011 WL 6015646, at *2. Accordingly, the Court must balance this presumption against the countervailing interests recognized by courts in this Circuit, including interests in protecting the confidentiality of proprietary business information, and the privacy interests of non-parties, including MHR's investors and unrelated MHR employees.

Upon *in camera* review of the relevant exhibits, the Court shall permit all of MHR's proposed redactions to Exhibits 1, 27, 28, 32, 39, 48, 51, and 64.[2] MHR seeks limited redactions to obscure the identities of its largest institutional investors, and the name and contact information of their representatives, from Exhibits 1, 27, 28, 32, 39, and 51. *E.g.*, Exhibit 1 at 35, 42, 51–56, ECF No. 36-1; Exhibit 27 at 6, ECF No. 36-12, Exhibit 28 at 1–2, ECF No. 36-13, Exhibit 32 at 1–2, ECF No. 36-16; Exhibit 39 at 1–2, ECF No. 36-19; Exhibit 51 at 11, 14–15, ECF No. 36-24. MHR also seeks to redact details of other MHR employees' compensation and bonuses from Exhibits 48 and 64. Exhibit 48, ECF No. 36-23 at 2–3, Exhibit 64 at 1, ECF No. 36-25. MHR has demonstrated that such disclosure would implicate the privacy interests of innocent third-parties, and that it typically maintains the confidentiality of such information "religiously" to protect such interests. October 1 Request at 1 n.2, 4–5. Moreover, courts in this Circuit have expressly recognized privacy interests in keeping investor names and third-party compensation details confidential, when disclosure could "embarrass or harm third party individuals while offering little value to the monitoring of the federal courts." *Valassis Comms. Inc.*, 2020 WL 2190708 at *4; *see also Caxton Int'l Ltd.*, 2009 WL 2365246, at

---

[2] These are filed as ECF Nos. 36-1, 36-12, 36-13, 36-16, 36-19, 36-23, 36-24, and 36-25, respectively.

\*6–7.  The Court finds the proposed redactions are narrowly-tailored to the interests asserted, and that MHR has made a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection that is required to justify keeping the information under seal."  *Wells Fargo Bank*, 2015 WL 3999074, at \*4 (citation and quotation marks omitted).

The Court denies MHR's request to seal Exhibit 3, ECF No. 36-2, and Exhibit 67, ECF No. 36-27.  MHR contends that as an "employee bonus agreement," and an "employee tax agreement," sealing is warranted "to protect from disclosure the private compensation information and employment terms" of employees other than Petitioner.  October 1 Request at 4, 4 n.5.  But the relevant agreements detail the terms of Petitioner's bonus and tax advances.  Exhibit 3 at 1; Exhibit 67 at 1.  Moreover, these documents go directly to the Court's adjudication of the petition, because they relate to claims Petitioner brings concerning the Awards.  *See e.g.*, Pet. Mem. at 8, 36–37, 40–41, ECF No. 15.  MHR has not made an adequate showing as to how sealing Petitioner's bonus and tax advance agreements will uphold the privacy interests of third-parties outside this proceeding.  Therefore, sealing is not warranted.[3]

The Court denies MHR's request to seal Exhibits 6, 13, 14, 19, and 20, and to redact Exhibits 15, 16, 17, 29 and 30.[4]  MHR contends that sealing is justified because these documents were obtained from, or reference, a separate confidential arbitration proceeding involving another employee, Sergei Filipov.  October 1 Request at 5; ECF No. 36-4; *see, e.g.,* Exhibit 13, ECF No. 36-5.  But this argument is unavailing.  At the outset, that the Filipov arbitration was intended to remain confidential does not, on its own, support sealing, because "bargained-for

---

[3] For this reason, the Court also denies MHR's requests to redact Petitioner's bonus and compensation information from other exhibits.  *E.g.*, Exhibit 37 at 9, 28, ECF No. 36-18; ECF No. 36-20 at 1452.
[4] These are filed as ECF Nos. 36-4, 36-5, 36-6, 36-10, 36-11, 36-7, 36-8, 36-9, 36-14, and 36-15, respectively.

7

confidentiality does not overcome the presumption of access to judicial documents." *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).

MHR next identifies a "strong public interest in preserving the confidentiality of arbitration proceedings," as discussed in *Pasternek v. Dow Kim*, No. 10 Civ. 5045, 2013 WL 1729564, at *3 (S.D.N.Y. Apr. 22, 2013). October 1 Request at 5. But *Pasternek* is inapposite. In *Pasternek*, the court found a strong public interest in preserving the confidentiality of arbitration proceedings, thus refusing to compel production of third-party arbitration documents in response to a subpoena. *Pasternek*, 2013 WL 1729564, at *4. Here, MHR cannot analogize to *Pasternek* to "preserve" the confidentiality of the Filipov arbitration through sealing when the "confidential" materials at issue have already been disclosed to a third-party—that is, to Petitioner—who subsequently relied on them in filing this petition. And, even a generous reading of *Pasternek* does not support MHR's efforts to seal mere references to the Filipov arbitration, including its own conduct in the Filipov arbitration, and Filipov's testimony in that proceeding.

Third, MHR contends that these materials have "vanishingly little relevance to this proceeding[.]" October 1 Request at 5. But these documents are directly relevant to Petitioner's central argument that the arbitrator's alleged bias in this matter becomes apparent when comparing the outcome here to the contrary results reached by arbitrators in the Filipov matter. Pet. Mem. at 9–10, 32–33. Even if the Court does not extensively utilize these documents in ruling on the petition, this Circuit has "expressly rejected" the notion that documents should receive different weights of presumption based on the extent to which the Court relies on them to resolve a dispositive motion. *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). "Once filed on the docket, the presumption of access attaches . . . and does not disappear" irrespective of the

8

extent of the court's reliance on the document. *Dawson v. Merck & Co.*, No. 12 Civ. 1876, 2021 WL 242148, at *5 (E.D.N.Y. Jan. 24, 2021). Thus, the information in the exhibits directly affects the adjudication of the petition, and, therefore, a "strong presumption of public access applies." *Susquehanna Int'l*, 2021 WL 3540221, at *3. MHR does not advance either specific factual showings of harm, or legal conclusions that overcome the presumption.[5]

The Court shall not permit MHR to partially seal Exhibits 4, 37, 40, 43, and 44,[6] which MHR contends implicate its "proprietary business information," October 1 Request at 3. MHR recites the categories of information at issue—including terms of employee departures, investor characteristics, fundraising efforts, and hiring details—and contends that such information, as it relates to MHR's inner workings, is maintained as "strictly confidential." *Id.* It is true that courts in this Circuit have recognized that maintaining the confidentiality of proprietary or sensitive business information including a company's "internal analyses, business strategies, [and] customer negotiations," is a "legitimate basis" that can rebut the presumption of public access. *Telegram Grp.*, 2020 WL 3264264, at *3. But it is equally established that merely conclusory assertions that documents are "proprietary" or maintained under confidentiality "cannot support sealing absent a specific showing of harm." *Dawson*, 2021 WL 242148, at *7. MHR still bears the burden of "establishing the competitive disadvantage" that would result from publication of these documents, by making a "particular and specific" factual demonstration of

---

[5] For these reasons, the Court also shall not permit MHR's proposed redactions to references to the Filipov arbitration in other exhibits, including Exhibit 29 at 1, 2, 5, 6, ECF No. 36-14; Exhibit 40 at 270–73, 1508–09, 1582–97, 1610–11, ECF No. 36-20; and Exhibit 43 at 19–21, ECF No. 36-21.

[6] These are filed as ECF Nos. 36-3, 36-18, 36-20, 36-21, and 36-22, respectively. The Court will, however, permit MHR to maintain limited redactions to Exhibits 4, 29, 37, 40 and 43 to obscure the names of their investors or details of third-party MHR employees' compensation and bonus agreements. *E.g.*, Exhibit 4 at 4, ECF No. 36-3; Exhibit 6 at 1, 3–6; Exhibit 37 at 25, ECF No. 36-18; Exhibit 40 at 251, 1174, 1185, 1190–91, 1373, ECF No. 36-20; Exhibit 43 at 6, 11, 14 n.12, 23, ECF No. 36-21.

the injury that would result from disclosure. *Actavis*, 2014 WL 5353774, at *2, *4 (citation omitted). They have made no such showing.

MHR also contends that sealing is warranted because such information is "largely irrelevant to the resolution of the [p]etition," and thus subject to a "low" presumption of public access. October 1 Request at 3. But, the Second Circuit "ha[s] expressly rejected the proposition that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving a motion[.]" *Brown*, 929 F.3d at 48. MHR's arguments of irrelevance "go[] to the merits of the underlying . . . [m]otion, not to the issue of whether the [d]ocuments themselves are relevant to the performance of the judicial function invoked by the parties." *Dawson*, 2021 WL 242148, at *4; *see also Brown*, 929 F.3d at 49 (document is "'relevant to performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately, in fact, influences the court's decision." (emphasis omitted)). Petitioner "properly filed these materials in an effort to persuade the court of [his] position," thus transforming them into judicial documents. *Dawson*, 2021 WL 242148, at *4. The extent of the Court's reliance on them in adjudicating the petition is irrelevant to the sealing determination.

Further, the Court shall not grant the proposed redaction of misconduct attributed to, or criticisms of, MHR or its senior leadership. *E.g.*, Exhibit 37 at 11–13; Exhibit 43 at 3–5, 12, 15–16, 22; Exhibit 44 at 23. MHR has not made a "particular and specific demonstration of fact" showing that disclosure of these details would harm their competitive standing, or cause harm to third-party privacy interests. And the Court will not seal information merely because it could be used to portray MHR or its leadership in an unflattering manner. *Codename Enters.*, 2018 WL

3407709, at *6 n.3; *see also Dawson*, 2021 WL 242148, at *7 ("Adverse publicity on the business," standing alone, does not justify sealing.).

As to Exhibit 34, ECF No. 36-17, the Court shall permit MHR to redact investor identities. Exhibit 34 at 3, 5. It shall not permit the other redactions MHR seeks, *e.g.*, *id.* at 1, because MHR has not made a showing of harm to third-party privacy interests, or to its competitive standing.

Finally, the Court denies MHR's request to seal Exhibit 66, ECF No. 36-26. MHR argues the exhibit should be sealed because it "pertains to a matter the Arbitrator did not address in the underlying arbitration." October 1 Request at 5 n.9. But as an exhibit to the petition, this remains a judicial document unaffected by the extent of the Court's reliance on it. *Brown*, 929 F.3d at 48. MHR has not established other countervailing interests that overcome the presumption. Accordingly, the October 1 Request is GRANTED in part and DENIED in part.

III.     October 30 Request

MHR filed the October 30 Request, seeking to redact four documents and seal two documents submitted in connection with its motion to confirm the PFA and Sanctions Award. October 30 Request at 1. MHR further sought to redact portions of the memorandum in support of its motion (the "Memorandum"), ECF No. 42. MHR contends redactions are required because these documents reflect either "competitively sensitive aspects of MHR's business" or reference the Filipov arbitration. *Id.* at 2.

Five of the documents at issue are covered by the Court's ruling on the October 1 Request. Accordingly, consistent with the Court's reasoning as to the October 1 Request, MHR

may redact Exhibit A, ECF Nos. 43-1, 43-2; Exhibit B, ECF No. 43-3; and Exhibit G, ECF No. 43-6;[7] but may not seal Exhibit D, ECF No. 43-4; and Exhibit E, ECF No. 43-5.[8]

The Court finds that the remaining documents at issue, the Memorandum and its exhibits, are indisputably judicial documents that carry a strong presumption of public access. As discussed, MHR has not established countervailing interests that overcome this presumption, and, therefore, sealing is not warranted. *See supra* at 9–11. Though MHR argues that Exhibit N, ECF No. 43-7, contains "competitively sensitive aspects of MHR's business," October 30 Request at 2, MHR once again fails to make a particular and specific factual showing of competitive harm or injury that would result from disclosure of such information. And, MHR has not persuaded this Court that mere references to a separate "confidential" arbitration proceeding warrant sealing where they bear directly on claims relevant to the Court's resolution of the petition and MHR's motion. *See supra* at 7–9. Accordingly, the October 30 Request is GRANTED in part and DENIED in part.

IV. <u>November 20 Request</u>

Petitioner filed the November 20 Request, seeking to seal in full nine exhibits attached to the petition. November 20 Request at 1. Petitioner states these materials "do not appear to fall within the criteria for sealing set forth by this Court," but nevertheless seeks to file the exhibits under seal "to comply with his employment contract." *Id.* However, confidentiality agreements alone are not a basis for sealing. *Bernstein*, 307 F. Supp. 3d at 168 (finding that "bargained-for confidentiality does not overcome the presumption of access to judicial documents" and collecting cases). Petitioner's request is not narrowly tailored, as required by *Lugosch*, nor does

---

[7] These correspond to Exhibits 1, 51, and 27 of the petition.
[8] These correspond to Exhibits 67 and 3 of the petition.

he provide any other justification to seal indisputably judicial documents. Accordingly, the November 20 Request is DENIED.

V.     December 11 Request

MHR filed the December 11 Request, seeking to redact portions of its reply memorandum. The information MHR seeks to redact relates to the "separate confidential arbitration" of Filipov, which MHR contends has "limited if any relevance to this proceeding," and implicates third-party privacy interests. December 11 Request at 1; ECF No. 36-4; *see* Reply Memorandum at 16–17.

As a memorandum of law submitted in connection with a petition to confirm and vacate an arbitration award, the reply memorandum constitutes a judicial document that warrants a "strong presumption" of public access. As discussed, MHR's arguments for sealing references to the Filipov arbitration are unavailing. *See supra* at 7–9. Accordingly, the December 11 Request is DENIED.

VI.    December 22 Request

MHR filed the December 22 Request, seeking to redact references to the Filipov arbitration, and the name of one MHR investor, from its response to Petitioner's 56.1 statement. December 22 Request at 1. For the reasons discussed, MHR has not established that references to the Filipov arbitration warrant sealing. *See supra* at 7–9. However, the Court shall permit MHR to redact the identity of the MHR investor, ECF No. 61 at 20, as MHR has met its burden of demonstrating the sensitivity of this information and the harm that would result from such disclosure, and because its proposed redaction is narrowly tailored to serve that interest. *See supra* at 6–7. Accordingly, the December 22 Request is GRANTED in part and DENIED in part.

13

## CONCLUSION

For the reasons set forth, the October 1 Request is GRANTED in part and DENIED in part. The Clerk of Court is directed to unseal ECF Nos. 36-2, 36-4, 36-5, 36-6, 36-7, 36-8, 36-9, 36-10, 36-11, 36-15, 36-26, and 36-27. MHR is directed to file on the public docket redacted versions of ECF Nos. 36-3, 36-14, 36-17, 36-18, 36-20, and 36-21 that conform with the approved redactions in this Order. The October 30 Request is GRANTED in part and DENIED in part. The Clerk of Court is directed to unseal ECF Nos. 42, 43-4, 43-5, and 43-7. The November 20 Request is DENIED. The Clerk of Court is directed to unseal ECF No. 48. The December 11 Request is DENIED. The Clerk of Court is directed to unseal ECF No. 55. The December 22 Request is GRANTED in part and DENIED in part. MHR is directed to file a redacted version of ECF No. 61 that conforms with the approved redactions in this Order. The Clerk of Court is further directed to terminate the motions at ECF Nos. 35, 41, 47, 54, and 60.

SO ORDERED.

Dated: September 30, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge